CLD-239                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3438
_____

ROGEL GRANT,
                                        Appellant

v.

MARK BALDWIN; THERESA JOHNSON; UNITED STATES ATTORNEY
EASTERN DISTRICT OF PENNSYLVANIA; FRANCIS C. BARBIERI, JR.;
GARARDO VEGA; PASQUALE LEPORACE; MICHAEL ROWE;
ARNOLD C. RAPOPORT; JAMES KNOLL GARDNER; STATE OF
PENNSYLVANIA; GOVERNOR OF PENNSYLVANIA; CITY OF READING, PA;
THOMAS MCMAHON; DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:11-cv-03850)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2014

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 1, 2014)

_____

OPINION
_____

PER CURIAM

Federal prisoner Rogel Grant appeals pro se from the District Court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, we will summarily affirm.

I.

In 2005, a federal grand jury returned a superseding indictment charging Grant with six drug-related offenses. At trial, five of the six counts were submitted to the jury. The jury returned a guilty verdict on three of those counts, and the District Court subsequently sentenced Grant to life imprisonment. After we affirmed that judgment on direct appeal, see United States v. Grant, 317 F. App'x 142, 143 (3d Cir. 2008), Grant filed a 28 U.S.C. § 2255 motion in the District Court. In September 2012, the District Court denied that motion. Grant did not appeal from that denial.

Meanwhile, in June 2011, Grant commenced the civil action now before us by submitting a pro se complaint to the District Court. He subsequently obtained permission to file an amended complaint. In May 2013, he finally filed his amended complaint, identifying 22 known defendants and an unspecified number of John/Jane Doe defendants. The known defendants included various law enforcement officials, prosecutors, and judges who were connected to Grant's criminal case and/or the underlying criminal investigation. Some of these defendants were state actors, while the remainder were federal actors. The allegations revolved around Grant's claim that the

2

criminal charges brought against him were fabricated and that he was maliciously prosecuted because he refused to become a government informant. Grant sought $40 million in damages, as well as attorneys' fees, costs, and certain equitable relief.

A few days after receiving the amended complaint, the District Court screened it and dismissed it pursuant to § 1915(e). The court construed the amended complaint as "alleging that [Grant] is the victim of fraud, false imprisonment, and a malicious prosecution." (Dist. Ct. Mem. entered May 17, 2013, at 1.) The court then concluded that his claims brought under 42 U.S.C. § 1983 were time-barred, that his malicious prosecution claims were not cognizable under § 1983 per Heck v. Humphrey, 512 U.S. 477 (1994), and that his claim for malicious prosecution under the Federal Tort Claims Act ("FTCA") was barred by the exceptions to the FTCA listed in 28 U.S.C. § 2680(h).

Grant timely moved the District Court to reconsider its dismissal of his amended complaint. The District Court denied that motion. Thereafter, Grant timely filed this appeal, challenging the District Court's dismissal of his amended complaint.[1]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Grant's amended complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm a district court's judgment on any basis supported by the record, see Murray v. Bledsoe,

650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if an appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

Having reviewed Grant's amended complaint, we agree with the District Court's decision to dismiss his case at the screening stage. First, to the extent that Grant sought to raise any FTCA claims, he could not do so because the only proper defendant in a FTCA case — the United States of America — was not named as a defendant in this case. See CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008).[2] Second, we agree with the District Court that the vast majority of Grant's remaining claims are time-barred.[3] Finally, the few claims that do not appear to be time-barred fail for other reasons. Grant's claims against District Judge James Knoll Gardner are barred by the

---

[1] There is no indication that Grant seeks review of the District Court's denial of his motion for reconsideration. Even if there were such an indication, we would summarily affirm that decision for the reasons discussed in Section II.

[2] The District Court's docket (and the case caption here) lists the Department of Justice ("DOJ") as a defendant. That listing presumably was based on the fact that Grant's *original* complaint named the DOJ as a defendant. The DOJ was not, however, listed as a defendant in his amended complaint, and that amended pleading sued United States Attorney General Eric Holder in his individual capacity only. Even if Grant intended to assert an FTCA claim against the DOJ in his amended complaint, such a claim would be barred because a federal agency is not a proper defendant in an FTCA action. See 28 U.S.C. § 2679(a).

[3] It appears that the District Court mistakenly construed all of Grant's non-FTCA claims as § 1983 claims. Although Grant's claims against the state defendants were properly characterized as § 1983 claims, the claims against the federal defendants should have been characterized as claims brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This mistake was harmless, for the limitations period for his Bivens claims was the same as the limitations period for his § 1983 claims. See, e.g., Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009); Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996) (collecting cases).

doctrine of judicial immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). As for Grant's claim against United States Attorney General Eric Holder, which appears to allege that Holder should have initiated an investigation against the prosecutors who were involved in Grant's case, that claim is not actionable either. Cf. Diamond v. Charles, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (quotation marks omitted).

We have considered Grant's arguments and find them to be without merit. Because this appeal does not present a substantial question,[4] we will summarily affirm the District Court's dismissal of his amended complaint. Grant's motion for appointment of amici counsel is denied.

---

[4] We need not decide whether any of Grant's claims are barred by Heck.